IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RICARDO CHAVEZ CRUZ,** | § § § § | |
| **Plaintiff,** | § § § | |
| v. | § § § | **CIVIL ACTION NO. 4:23-CV-4538** |
| **ENTEGRIS, INC., and CMC MATERIALS, LLC,** | § § § § | |
| **Defendants.** | | |

## DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

Defendants Entegris, Inc. ("Entegris") and CMC Materials, LLC ("CMC") submit this motion to dismiss the Original Petition filed by Plaintiff Ricardo Chavez Cruz ("Plaintiff") with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]  In the alternative, Defendants move for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure.

### I.   INTRODUCTION

Plaintiff fails to include a single specific factual claim against either Defendant, instead lumping them both together and exclusively referring to them throughout his pleading collectively as "Defendants."  Accordingly, his pleading is a classic example of a "shotgun" pleading, which courts around the nation (including in the Fifth Circuit) prohibit.  Moreover, Plaintiff's claim fails to state a claim on which relief could be granted.  Therefore, dismissal under Rule 12(b)(6) is

---

[1] While Defendants are aware that in the context of a motion to dismiss under Rule 12(b)(6), the Court is to accept as true all factual allegations contained in Plaintiff's Complaint, Defendants note at the outset that neither CMC nor Entegris actually employed Plaintiff.  Instead, Plaintiff was employed by Flowchem, a subsidiary of CMC.

1

appropriate.

Should the Court decline to dismiss Plaintiff's Complaint, Defendants nonetheless request the Court order Plaintiff to provide a more definite statement under Rule 12(e) because Plaintiff's vague allegations and blanket claims that both defendants engaged in all conduct alleged cannot fairly require a response from either Defendant.

## II. NATURE AND STAGE OF THE PROCEEDING

On November 13, 2023, Plaintiff sued Defendants, alleging a single cause of action against them: wrongful termination, which Plaintiff alleges was due to some refusal by Plaintiff to perform an allegedly illegal act. *See Sabine Pilot Serv. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985). *See* Doc. No. 1-3 at ¶¶1,17, 20-22. Defendant CMC was served with process on November 17, 2023, and Defendant Entegris was served with process on November 20, 2023, respectively. Thereafter, Defendants timely removed this action on December 4, 2023, and now, in lieu of filing an answer, hereby timely move for dismissal with prejudice of Plaintiff's Original Petition ("Petition").

## III. STATEMENT OF THE ISSUES

(A) Whether Plaintiff's Petition must be dismissed under Federal Rule of Civil Procedure 12(b)(6) because the Petition fails to state a claim for relief; and

(B) Alternatively, if dismissal of some or all of the Complaint is not warranted, whether Plaintiff's Complaint is so vague and ambiguous that Defendant cannot reasonably prepare a response, such that Plaintiff should be required to provide a more definite statement under Federal Rule of Civil Procedure 12(e).

## IV. STANDARD OF REVIEW

Although Plaintiff originally filed suit in Texas state court, which applies a more lenient pleading standard, upon removal, the federal pleading standards control. *Peña v. City of Rio Grande City*, 879 F.3d 613, 617 (5th Cir. 2018). Rule 8(a)(2) governs pleadings in federal courts

and requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). A Rule 12(b)(6) motion tests the sufficiency of the operative complaint against the pleading requirements of Rule 8, the purpose of which is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (internal citations and quotations omitted). To survive a motion to dismiss, a cause of action must be supported by "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Dismissal of a complaint pursuant to Rule 12(b)(6) is reviewed *de novo. Crenshaw-Logal v. City of Abilene*, 436 Fed.Appx. 306, 307 (5th Cir. 2011).

A motion for a more definite statement under Federal Rule of Civil Procedure 12(e) is available where the pleading in question "is so vague or ambiguous that the [opposing] party cannot reasonably prepare a response." *Valdez v. Celerity Logistics, Inc.*, 999 F. Supp. 936, 946 (N.D. Tex. 2014) (quoting *Conceal City, L.L.C. v. Looper Law Enforcement, LLC*, 917 F. Supp. 2d 611, 621 (N.D. Tex. 2013); internal quotation marks omitted).

## V. ARGUMENT & AUTHORITY

### A. Plaintiff's Complaint Should be Dismissed under Rule 12(b)(6).

Plaintiff's Petition should be dismissed because Plaintiff has failed to state a claim on which relief may be granted for several other reasons. First, Plaintiff's Petition fails to make any distinction between any action taken by the Defendants, instead broadly referring to Defendants collectively throughout his claim. Courts around the nation roundly look with disfavor on this type of "shotgun pleading," and they are routinely dismissed. More broadly, the Complaint as currently pled consists of little more than legal conclusions from which he leaps to the conclusion that Defendants somehow harmed him. As such, the Petition does not satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8(a), and it must be dismissed accordingly.

1. <u>Plaintiff's Petition is a Shotgun Pleading, Which Should be Dismissed.</u>

First, Plaintiff's Petition must be dismissed due to his utter failure to describe which Defendant took the actions by which he claims to have been aggrieved. At no point does Plaintiff specify what action he contends was taken by either defendant in this matter. Instead, he simply lumps them together throughout his Complaint, referring to them in nearly every factual assertion collectively, with no effort to specify which Defendant he accuses of which misconduct. As the Fifth Circuit and other courts have noted, this is a trademark of a classic shotgun pleading, in which "the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick." *Alidoust v. Hancock Cty., Miss.*, No. 1:17CV35-LG-RHW, 2017 WL 3298682, at *4 (S.D. Miss. Aug. 2, 2017) (citation and internal quotation marks omitted). The Fifth Circuit (and courts around the nation) disfavor this type of shotgun approach. *See S. Leasing Partners, Ltd. v. McMullan*, 801 F.2d 783, 788 (5th Cir. 1986), *abrogation on other grounds recognized by Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1023-24 (5th Cir. 1994). A hallmark of shotgun pleadings is the "inclusion of irrelevant and unrelated facts not tied to specific causes of action such that the claims made are indeterminate and the defendant's task in defending against them is significantly impaired." *Jim S. Adler, P.C. v. Angel L. Reyes & Assocs. PC*, 2020 WL 5099596, at *13-14 (N.D. Tex. Aug. 7, 2020), report and recommendation adopted, No. 3:19-cv-2027-K-BN, 2020 WL 5094678 (N.D. Tex. Aug. 29, 2020) (citing *Bates v. Laminack*, 938 F.Supp.2d 649, 667 (S.D. Tex. 2013)). Shotgun pleadings fall short of Rule 8's requirement that a pleading contain a "short and plain statement" of grounds for relief. *See* FED. R.CIV.P. 8(a). Accordingly, complaints of this type are subject to dismissal under Rule 12(b)(6) because asserting claims "by merely attaching a label and/or legal conclusion to no facts unique to that claim-or, at best, threadbare unique facts-is not sufficient to state a claim that is plausible on its face." *Lowe v.*

*Dallas Police Dep't*, No. 3:17-cv-704-G-BN, 2017 WL 4863076, at *9 (N.D. Tex. Oct. 17, 2017), *report and recommendation adopted*, 2017 WL 4838980 (N.D. Tex. Oct. 26, 2017).

Here, in nearly every key factual allegation and statement of law, Plaintiff refers generally to "Defendants," with no effort to specify what entity he is referring to or whose conduct by which he claims he is aggrieved. *See, e.g.*, Doc. No. 1-3 at ¶¶8, 12-13,15-16, 18, 2-22. He has failed to make any meaningful effort to identify how each Defendant allegedly violated the law with respect to his employment. Plaintiff's failure to differentiate between the Defendants in this case, and his reliance on vague, general allegations against all Defendants, renders his claim subject to dismissal under Rule 12(b)(6). *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) ("[A]sserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions" is a pleading "sin," a "shotgun pleading" that "fail[s]…to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."); *see also Hinojosa v. Livingston*, 807 F.3d 657, 684 (5th Cir. 2015) (Jones, J., dissenting) ("When the plaintiff's complaint uses blanket terms covering all the defendants, by lumping them together or calling them collectively ['Defendants'] these allegations are properly disregarded unless the reference to [particular defendants] can be clearly inferred."); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (complaint "replete with allegations that 'the defendants' engaged in certain conduct," with no distinction between defendants, has resulted in dismissal). As Plaintiff's Petition is precisely this kind of shotgun pleading, it should be dismissed under Rule 12(b)(6).

    2.    <u>Plaintiff's Vague, Conclusory Recitation of Various Causes of Action Fails to State a Claim on Which Relief May Be Granted</u>.

More broadly, Plaintiff's Petition should be dismissed because he cannot prove any set of facts which would entitle him to relief. *See Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524

(5th Cir. 1994). First, while Defendants deny that either of them was his "employer" as that term is used in *Sabine Pilot* actions,[2] Plaintiff has failed to plead facts to establish the other elements of his claim, including that the action he claims he refused to perform was illegal. To be "illegal," the act the plaintiff was asked to commit must be one subject to criminal penalties. *Sabine Pilot Serv.*, 687 S.W. at 735; *Hancock v. Express One Int'l*, 800 S.W.2d 634, 636 (Tex. App.—Dallas 1990, writ denied). Whether a plaintiff's conduct would have constituted an illegal act carrying criminal penalties requires an examination of the provision that allegedly prohibits the conduct. This requires the plaintiff to identify the statute or regulation upon which his putative *Sabine Pilot* claim is based. *See Klumpe v. IBP, Inc.*, 309 F.3d 279, 282 (5th Cir. 2002).

However, the statute Plaintiff selectively quotes to bolster his claim relates to <u>assaultive</u> conduct, and even if his conclusions about the purportedly "defective polymer" were correct (and they are not), the statute does not apply to the factual assertions on which Plaintiff relies in his Petition. Chapter 22 of the Texas Penal Code is entitled "Assaultive Offenses," and Section 22.05 (which Plaintiff calls the "Deadly Conduct statute") focuses on assaultive offenses that could cause imminent danger of serious bodily injury, such as discharging a firearm toward a habitation, building, or vehicle, or brandishing a firearm toward another person, regardless of whether it is loaded. *See* Tex. Pen. Code §22.05(a)-(e).

Defendants are aware of no authority, and Plaintiff has identified none, that states that this section of Texas law that prohibits a particular species of assaultive conduct has been applied in an industrial setting such as the one Plaintiff describes. Nor can Plaintiff establish that merely performing his job could conceivably result in criminal charges against him. These points are fatal to his claim—in order to prevail on the narrow *Sabine Pilot* exception to Texas's employment-at-

---

[2]   *See* Note 1, *supra*.

will doctrine, Plaintiff must prove his discharge was solely because he refused to perform an <u>illegal</u> act, which could result in criminal penalties against him. *See Sabine Pilot*, 687 S.W.2d at 735.  If, as here, the underlying action was not illegal, then Plaintiff cannot establish a *Sabine Pilot* action, and his claim must be dismissed.

Next, to survive a motion to dismiss, a Plaintiff must comply with the notice pleading requirements of Federal Rule of Civil Procedure 8(a), with each cause of action alleged therein supported by "enough facts to state a claim [for] relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements' of a cause of action will not do." *Iqbal*, 556 U.S. at 678. Moreover, the Federal Rules require "more than an unadorned, the the-defendant-unlawfully-harmed-me accusation."  *Id.*; *see also Twombly*, 550 U.S. at 555.  Rather, under these standards, a plaintiff must therefore plead sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 1965.

However, Plaintiff's allegations almost exclusively consist of evidence-free, conclusory statements about what he believes about, *inter alia*, the allegedly "defective polymer."[3]  However, alleging a claim by merely relying on labels and/or legal conclusions is not sufficient to state a claim that is plausible on its face.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Put another way, "mere conclusory allegations on a critical issue are insufficient" to satisfy Plaintiff's pleading obligations.  *See Brown v. Tarrant Cnty.*, 985 F.3d 489, 494 (5th Cir. 2021).  Even a "liberal construction" of the Petition does not require the Court to "create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at * 8 (N.D. Tex. May 23, 2013).

---

[3]     *See*, *e.g.*, Doc. No. 1-3 at ¶¶10-12.

In sum, if the claims as alleged in the Petition each lack sufficient facts to support an inference that a particular defendant is responsible for a particular harm to Plaintiff, and as such, there is no "more than the mere possibility of misconduct." *Id.*  This, of course, is not enough to state a plausible claim for relief.  *See*, *e.g.*, *Robbins v. State of Okla. ex rel Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." (quoting *Twombly*, 550 U.S. at 556)).  Therefore, Plaintiff's claims must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**D.     In the Alternative, Plaintiff Should be Required to Provide a More Definite Statement under Rule 12(e).**

Should the Court decline to dismiss any or all of Plaintiff's Complaint, Defendants alternatively seek relief under Rule 12(e) due to Plaintiff's failure to include any specific allegations against any defendants.  "If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e)." *See also Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).  Here, Defendants cannot determine the contours of Plaintiff's claims or ascertain what factual allegations (if any) are meant to support them—or against which Defendant Plaintiff seeks to raise them.  Therefore, Defendant respectfully requests that the Court order Plaintiff to submit a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

As Federal Rule of Civil Procedure 12(e) states, when a pleading "is so vague or ambiguous that [a] party cannot reasonably prepare a response," that party may move for a more definite statement before interposing a responsive pleading.  FED. R. CIV. P. 12(e).  Federal courts sitting in the Fifth Circuit have granted Rule 12(e) motions in several instances where a plaintiff fails to clearly distinguish their causes of action.  *See, e.g.*, *A.A. v. Hous. Indep. Sch. Dist.*, No. H-10-

03394, 2011 WL 181356, at *3 (S.D. Tex. Jan. 19, 2011) (Miller, J) (granting the defendants' Rule 12(e) motion and instructing the plaintiffs to "be more specific about the legal and factual bases of [their] claims"); *McGuire v. Gulf Stream Coach, Inc.*, No. 06-5659, 2007 WL 675474, *2 (E.D. La. Feb. 28, 2007) (granting defendants' Rule 12(e) motion demanding that plaintiffs "detail[] with specificity the causes of action asserted against each defendant"); *Hawthorne v. Reily Foods Co.*, No. 01-1405, 2001 WL 902596, at *3 (E.D. La. Aug. 9, 2001) (where the plaintiff stated "numerous possible causes of action in a sprawling and confusing factual narrative," the court granted the defendants' Rule 12(e) motion).

Here, Plaintiff's allegations are conclusory and do not identify their intelligible factual bases.  Plaintiff's vague allegations, both with respect to his factual claims and to his legal conclusions, are made collectively against the Defendants in the aggregate, with no effort to differentiate between the two.  Without clear and specific factual allegations, Plaintiff fails to meet the minimum pleading requirements of the Federal Rules of Civil Procedure and Defendants guessing as to what conduct and liability Plaintiff's allegations refer, and against which Defendant.  Of course, it is not Defendants' responsibility to guess at what Plaintiff is attempting to allege, and Plaintiff should be required to satisfy the minimum requirements of notice pleading.  *See Hoffman v. Cemex, Inc.*, No. H-09-2144, 2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009).  Given the clear pleading deficiencies, Defendants cannot reasonably respond to the entirety of Plaintiff's allegations and seek a more definite statement of his claims under Federal Rule of Civil Procedure 12(e).  *See Hawthorne*, 2001 WL 902596, at *3.

## VI.   CONCLUSION

For these reasons, Defendant prays that the Court grant this motion, dismiss Plaintiff's Complaint with prejudice, enter judgment in Defendant's favor, and grant Defendant any and all relief, at law or in equity, to which it may be justly entitled.

Dated: December 21, 2023

Respectfully submitted,

*/s/ Nathan Prihoda*
Nathan C. Prihoda
Texas State Bar No. 24068070
nprihoda@littler.com
LITTLER MENDELSON P.C.
1301 McKinney Street, Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 21st day of December 2023, a true and correct copy of the foregoing was filed using the Court's ECF system and was served via certified mail, return receipt requested, and via email upon the Plaintiff, as follows:

Joshua A. Verde
Ashley B. Reilly
THE VERDE LAW FIRM, PLLC
4600 Highway 6 North, Suite 320
Houston, Texas 77084
josh@verde-law.com

*/s/ Nathan Prihoda*
Nathan Prihoda

4875-4676-3669.1 / 120997-1013